UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS CLARK,<br><br>                                  Plaintiff,<br><br>   - against -<br><br>THE VON AGENCY INC.<br><br>                                 Defendant. | Docket No. 1:17-cv-8331<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff Dennis Clark ("Clark" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant The Von Agency Inc., ("Von" or "Defendant") hereby alleges as follows:

### **NATURE OF THE ACTION**

1.  This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of New York City major Bill De Blasio, owned and registered by Clark, a New York based professional photographer. Accordingly, Clark seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### **JURISDICTION AND VENUE**

2.  This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Clark is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 1993 Beech Street, Wantagh, New York 11793.

6. Upon information and belief, Von is a domestic business corporation duly organized and existing under the laws of the State of New York, with a place of business at 179 Windsor Road, Staten Island, New York 10314. Upon information and belief, Von is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material, hereto, Von has owned and operated a website at the URL: www. TheVonAgency.com (the "Website").

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photograph**

7. Clark photographed New York City mayor Bill De Blasio (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Clark then licensed the Photograph to the New York Post. On May 21, 2017, the New York Post ran an article that featured the Photograph on its web edition entitled *Mayoral candidate vows to 'take out' de Blasio*. See http://nypost.com/2017/05/21/mayoral-candidate-vows-to-take-out-de-blasio/. Clark's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Clark is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph is registered with the United States Copyright Office and given registration number VA 2-056-107.

**B.    Defendant's Infringing Activities**

11. On May 27, 2017, Von ran an article on the Website entitled *By The Numbers-Why a Female, Cuban/Greek Can Become New York City's Next Mayor*. See http://thevonagency.com/ and http://thevonagency.com/media-blog/. The article prominently featured the Photograph. Screen shots of the article with the Photograph are attached hereto as Exhibit C.

12. Von did not license the Photograph from Plaintiff for its article, nor did Von have Plaintiff's permission or consent to publish the Photograph on its Website.

13. Upon information and belief, Von removed Clark's gutter credit and did not attribute the Photograph to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST VON)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Von infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Von is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Von have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST VON
## (17 U.S.C. § 1202)

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

23. When the Photograph was published in the New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

24. Upon information and belief, in its article on the Website, Von intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25. The conduct of Von violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Von falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Von intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Von also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

28. As a result of the wrongful conduct of Von as alleged herein, Plaintiff is entitled to recover from Von the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Von because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from Von statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Von be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Von be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
October 29, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York
Tel: 516-233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Dennis Clark*